The next case, Kaiser, Garcia, and Evans versus Shinseki. The next case, Kaiser, Garcia, and Evans versus Shinseki. Here's the equal. Good morning. May it please the court. We are here today for two reasons. One, because first, the Veterans Court in these cases erred in improperly limiting its jurisdiction strictly to selective parts of the Secretary's fiduciary program, contrary to Bates and Freeman. And two, in these decisions, the cases conflict with Bates, and they conflict with each other with respect to the scope of the Veterans Court's jurisdiction. Aren't we really reviewing a mandamus? In regards to these cases, the issues in these petitions are brought because the Secretary in certain circumstances would not make decisions on issues that the appellants asked, and in other cases, the decisions that were made were not relevant to what the question was. For example, in all three cases- But you need to help me pass a predisposition to disfavor the very rare remedy of mandamus. Is this the sort of case where there is no alternative except to proceed? Your Honor, when these cases, when these issues were filed, petitions were filed, there were no-we had been asking for statements of the case. The statements of the case in these cases- But those statements of the case can still come, and then you'll have full opportunity at that point, right? No, Your Honor, because there is no process. And without a process, without the ability to exhaust the remedy, the only opportunity left, the only alternative is a writ, and there is no process with respect to the fiduciary program. As Freeman set out, which Freeman has pinned on Bates, there are two specific steps in the process. One, whether or not the Secretary finds that a Veteran is incompetent to handle his money. The second part is, if he is found to be incompetent to manage his finances, does he need to be in the program? That initial question is a may. The Secretary may, in the Veteran's interest, make him a participant in the program. In each one of these cases, that initial decision has yet to be made. We have been asking the Secretary to make that initial decision, and he has never yet made that initial threshold question. So, with respect to that issue, there still is not a process with which the Court could review. However, be that as it may, that issue is not before this Court. Before this Court is the jurisdictional issue. Chief Judge Castles, in the Kaiser case, made it very clear. He narrowed the Freeman holding to be only to review the question of whether or not the selection of a fiduciary. Everything else he said, this Court does not have jurisdiction, nor does the Board. So how can any of these petitioners go and appeal through the typical process, these decisions, when there is no process? It doesn't happen. And so, as an important matter, the Secretary's decisions as to whether a fiduciary is needed at all, and whether a particular individual is the appropriate, whether he qualifies to be a fiduciary, they both have the exact same statutory standard, the exact same statutory test. That is, whether or not it is in the interest of the Veterans. Right now, as it stands, the Veterans Court has said it can review one, but it cannot review the other. And this is a prime example of the piecemeal jurisdiction expressly prohibited by Bates. The practical effect of these errors is that a Veteran cannot challenge the government taking his Veterans' benefits without that basic right. I need to back up and see if I understand a few things here. You said there's no process. I kind of read Freeman to say there is a process. The process is the one we've been discussing. You await the statement of the case and proceed through that. But there's, of course, no statutory time frame in which that statement of the case needs to come. But hasn't the Secretary received the notices of disagreement and therefore has some obligation to act on it? Your Honor, you're absolutely right. There is no time frame. There are no deadlines that the Secretary has to make any decisions. If I could draw to your attention in Freeman at page 409, the Veterans Court in that precedent opinion said very clearly. But you have the NODs. Won't that precipitate action? With respect, Your Honor, yes. To answer your question, we have the NODs. We went to the Veterans Court because after we filed the NODs, we could not get the Secretary to issue a statement of the case. And for the record, I think it is important, two of these Veterans are beyond the age of 75. Mr. Evans is 81. Mr. Garcia will be 91 later this month. So there is some element of a time issue here. Be that as it may, even after we filed the notices of disagreement, we could not get the Secretary to file statements of the case. The only reason we got a statement of the case in Garcia was because after we filed the writ in that case, Judge Mormon instructed the Secretary to issue a statement of the case. And if you look at that statement of the case, which is in the record, that statement of the case doesn't even answer the questions that Judge Mormon said, I trust the Secretary will issue a statement of the case that addresses his daughter, Ms. Molina, who is a state-appointed guardian for Mr. Garcia, the issue of the state appointment, the state court appointment making her his fiduciary. Why is that not enough? And that is exactly what the concurrence in Freeman talked about. Judge Hagel, I'm sorry, Judge Lance, in the concurrence in Freeman, talked about that very gap that the regulations don't address, which is when there is someone that a state court has already appointed or the veteran has already appointed, why do you have to have someone else come in and take care of just manage, control, just the veteran's VA benefits? That was the question. And now these three cases raise those very issues. You mentioned one of the cases. In another case, the facial request is to appoint a guardian who is deceased. No, sir. Did I miss something on that? There is now another living individual who has a durable power of attorney, square on his face, with the state of Tennessee, who is willing and ready to step in as Mr. Kaiser's fiduciary. But as you raise the next question, which is with respect to Mr. Evans' case, his daughter, Carolyn Stumpf, who is another appellant here, she was Mr. Evans' fiduciary. This is all incredibly sensitive, though. When you're taking away someone's power to make their own decisions and moving it to someone else, I can sense the care with which the secretary needs to act. Isn't that true? And if that's the case, why wouldn't we respect his discretion, as delegated to those closer to the affairs, to investigate and ensure that this isn't a miscarriage of justice instead of a pursuit of justice? Three points, Your Honor. And I hope I can keep my train of thought long enough. But first of all, with respect to the care and the attention, all of these petitioners are asking, all of these appellants are asking, to be part of that decision-making process. There is no process. That the secretary may have some discretion does not exclude jurisdiction, does not exclude judicial review of those decisions. And you could not have said it more clearly, Chief Judge Rader, these decisions affect families, families that have been taking care of veterans for years before the VA steps in and says, stop, we know better how to take care of your money. And might I draw your attention to the appendices at page 90. What happens in reality when the fiduciary program, the veteran becomes a member of the fiduciary program, the VA comes in, a field examiner, sits down and assigns a budget, line by line exactly how that veteran's VA money is allowed to be used, with anything outside that budget that is predetermined has to get approval before any of the veteran's money can be spent. Now, the reality is, with respect, and you may have read it in the paper, you may have not, but the difficulty is when you need heart medication and the price of heart medication has gone up, how are you to afford that if you have to wait two weeks, three weeks, before the VA fiduciary program people get back to you and say, it's okay? How do you get your car fixed to get your father, who is incompetent or infirm, to the doctor if you have to get preapproval for $600 of titers that is not in that budget? That is the problem. With due respect, the secretary may have discretion and the secretary may be concerned about whether or not fraud is happening or misspending. However, what is also imbalanced here is that these families want to take care of their veteran fathers, their veteran mothers, and they know best. Haven't statements of case been issued in all of these at this point? On its face, yes. Statements of the case have been issued via Form 9. However, as I said, Your Honor, no. Wouldn't that give you that procedure that you say doesn't exist? Your Honor, I would please ask you to look at the statement of the case in the appendices. The statement of the case that one has been issued does not mean that the issue asked for the secretary to make a decision on was addressed in that statement of the case. In the Garcia statement of the case, Ms. Molina asked, why is my state-appointed guardianship not enough for me to be the fiduciary for my father? That statement of the case does not address the state court issue at all. So that a statement of the case has been issued is not. So now the board, if the board had jurisdiction, and the court has already said, the Veterans Court has already said the board does not have jurisdiction. But if the board did. The board does not have jurisdiction over what? Chief Judge Castle said that the court does not have jurisdiction. We're talking about Garcia now. Yes. That wasn't Chief Judge Castle's case. You're absolutely right. That was Judge Mormon's case. What did the court say? Talking just about Garcia, because that doesn't involve any of the ancillary issues as I understand it. What exactly is in that opinion that limits the scope of the review that the board can conduct, that you want it to conduct? Your Honor, I bring your attention to A15. Chief Judge, I'm sorry, Judge Mormon said, the court does not have jurisdiction to review such theories of fraud  Ms. Molina, one of the appellants here, has been saying that the appointed fiduciary right now, Mr. Raul Villarreal, has been misspending her father's money. She submitted checks that he wrote to apply to guardianship after she applied to the state to be guardian. She has provided proof of questions of fraud. And Chief, I'm sorry, Judge Mormon said, the court does not have jurisdiction to review such theories of fraud. How is that possible when every step of this process is a decision that affects the provisions of benefits? How is it that she cannot ask questions? How is it that she cannot ask that fiduciary questions? Judge Mormon said, the court does not have jurisdiction. That is something that we take issue with, and we are asking this court to please find that pursuant to base, all of the entirety of the Secretary's fiduciary program is reviewable under Section 511. Do you think that if someone says, even a third party comes in and says, I believe that a fiduciary is engaged in fraud, that that person has a right to proceed through the NOD, SOC process all the way up to the CABC? Do you think that that's what Bates means? Your Honor, the short answer is yes. But let me explain. When the Secretary, when the government does something such as traumatic as to accuse a family member, or accuse a family member of mismanaging money to the point of hanging that over their head, or they are so concerned. Well, this is the opposite, right? This is just the opposite. This is where the family is saying that the VA appointed. Absolutely. And her father, Mr. Garcia, is seen who can't go on trips, because the money that the fiduciary is withholding, and she's questioning what is happening with my father's $3,000 a month. All he's getting is $1,200 in spending money. What is happening to the rest of it? And he will not answer her. Why? If that is his money, does he not have the right for due process, for questioning what is happening with my money? Please provide evidence, and someone has to be answerable to that. So an NOD, statement of the case, absolutely, that would answer that. But right now, the Veterans Court has said, we don't have jurisdiction over that issue. So the Board, the Board can't hear it either. Ms. Eagle, speaking of accusations of fraud, the reply brief, beginning at page 5, is complete with lots of them. Accusing the Secretary of omitting information, nor did the Secretary disclose a decision by the U.S. District Court, etc., etc. Are you standing by this claim that, because I'm going to ask your opposing counsel about it too, that counsel has intentionally misled this court? Whether counsel has intentionally misled this court, the Secretary has intentionally misled the Veterans Court. To be clear, with respect to Mr. Kaiser, he is a mid-30s, helpless child. When we filed our Notice of Disagreement, pardon me? We read the record. Okay. So what happened was, even though he's represented by counsel, not only at the VA level, but during the Veterans Court's proceedings, VA officials went and asked a known helpless child, are you happy with your fiduciary, without giving any notice to his counsel that they were going to go see him or ask him questions, and used those answers to say, he's totally happy with his fiduciary, there's no issue here. His guardian, who is prepared to step in as his fiduciary, was there, has signed an affidavit, which is in the record, that says everything that the Secretary is presenting as what Mr. Kaiser said was not said, he did not say that. They didn't ask those questions, and Mr. Kaiser did not give those answers. So yes, to that extent, what has been presented by the Secretary with respect to the Kaiser case is troubling to me, it is bothersome, I cannot advocate for my client when I'm not even told that they're going to go ask some questions, and he is a known helpless child. They're trying to remove him, trying to make that fiduciary issue go away, when he has been challenging the question about his prior fiduciaries and their mismanaging of his money. Thank you, Ms. Eagle. Let's hear from the government. You've consumed all your time, let's restore to you three minutes of rebuttal and give the government an extra three if they need to use it. Thank you, Your Honor. Certainly. Ms. Holtz. Good morning, Your Honor. This case really presents a very, very narrow issue. Did the Veterans Court abuse its discretion in denying the three petitions for writs of mandamus? But do address those allegations of misconduct as well. I will be happy to address that, Your Honor. Essentially, the Veterans Court said that there was an adequate alternative remedy, by filing notices of disagreement, receiving a statement of the case, and proceeding to the board. And in fact, in every single of these cases, a statement of cases, a notice of disagreement was filed, a statement of case has been issued by the Veterans Court, and in two of the three cases, appeals have been certified to the board. So the merits of these issues are being addressed through the normal review process, and that alone should be enough to say the Veterans Court did not abuse its discretion in denying the three petitions because the extraordinary remedy was unnecessary. But at least in two of them, perhaps in all three, Ms. Eagle would say in all three, there are issues that the court has either said outright or hinted at least that are not subject to ultimate review by the court. For example, in Kaiser, the next to last sentence of the opinion is to the extent petitioner's requests do not involve the execution of duties by the secretary in selecting a fiduciary, they fail to demonstrate a mandatory duty or an issue over which the board, and therefore this court, would have jurisdiction. So presumably, those would be issues that would never provoke an SOC, our ultimate CAVC jurisdiction, right? Some of those issues may be assumed within the decision regarding the fiduciary. So for example, the allegations of mismanagement of funds by a fiduciary in deciding whether that person is the appropriate fiduciary, the VA would probably perform accountings of what the fiduciary has been doing. So some of those specific requests of accountings and things like that, those issues may be subsumed in the larger question of is this the right fiduciary for this individual? Well, that may be true, and I found the language in Garcia to be a little unclear on that because the language says, this court does not have the jurisdiction to review such theories of fraud absent a final board decision that is or could be appealed, which is kind of circular, which is to say we don't have jurisdiction unless we do have jurisdiction, right? Isn't that really what they're saying? Well, except that within the context of the All Writs Act, the Veterans Court doesn't possess jurisdiction to order relief that's not within... No, but what they're saying is, the ultimate question they're asking here is they're saying, well, there's some things over which we ultimately will have jurisdiction, and therefore you proceed under the NOD SOC through the board, etc., and we'll get them sooner or later. They say that with respect to the direct appointment issues, but there appear to be some other issues, most clearly in Kaiser and Evans and less clearly in Garcia, it seems to me, in which they're saying, well, there are some issues that have been brooded about in these cases that we'll never see. We just don't ultimately have jurisdiction over, and with respect to those issues, we're not going to give you mandamus because there's no problem. They're not things that ever will get to us. Isn't that the way you read those opinions? Every time I read you from Kaiser, for example... Or is that just boilerplate language where they're trying to cover their insufficiencies? I don't read that language as being a definitive statement of the Veterans Court's jurisdiction over which this court could review and say that is a correct statement of law or an incorrect statement of law. I see those statements as saying it would be better for the veteran to pursue through the normal track. Some of these legal issues about the scope of the board's jurisdiction and ultimately the Veterans Court's jurisdiction will work its way through those cases, and a petition for writ of mandamus is not the appropriate venue for the Veterans Court to make statements about what I think we all agree are going to be some interesting and potentially important questions about the fiduciary program and the scope of review over certain decisions there. I don't read any of those decisions to be a holding of law as to the scope of the Veterans Court's jurisdiction except to the extent that it agreed with Freeman. Ms. Eagle hits a resounding point with me when she talks about the no time limit aspect of the statutory scheme here, and there could be very time-sensitive needs of the veteran to have a fiduciary to take care of important needs that are very timely. How does that play in? How would you get a timely response if there's a real sensitive problem and you need a fiduciary now? Well, first I would say that statements of the case have been issued in all three of these cases, so I think with respect to these cases that issue isn't here. I do appreciate the court's question. I guess I'm asking, even if these three aren't the case, can you imagine a case where time is of such an essence that maybe a mandamus is the right way to go? Yes, but in very limited circumstances. For example, in Freeman, the regional office refused to issue a statement of the case. Well, they said an NOD is not an NOD in that case. Right, and in that case, the Veterans Court did issue a writ of mandamus directing the RO to accept the NOD and to issue a statement of the case, and I can imagine a situation where the Veterans Court could say, okay, you must do that within 30 days or some time limitation on that, but I... Why not these cases? Why not these cases? Because in some of these cases, the statements of the case had already issued, or I'm sorry, the notices of disagreement had been accepted. The Veterans Court said, we trust that you're going to issue a statement of the case, and they did. The VA did. So, again, I think if we go back to the narrow question that's presented by these cases, which is simply was there an abusive discretion in denying the petitions for writ, the appellants have not identified a reason why that was an abusive discretion. Suppose that we were to conclude that the appellants were completely correct in saying that, for example, to take, I guess, the Evans case, Ms. Stump's complaint that she's been accused of misuse. If we were to conclude that that complaint was clearly within the scope of Section 5502 jurisdiction of the board and ultimately the court, wouldn't she have an argument that the court has made a legal error in the way that it characterizes that problem? Because the court says that, with respect to that argument, the petitions have not demonstrated that the board, and therefore this court, would have jurisdiction to address that matter. I'm reading from A24, right about the middle of the page, the paragraph that begins, to the extent. You see my question on the problem I'm having? I do see. No, I see the concern. Again, I think that the issue of, is Ms. Stump the appropriate fiduciary or is Greenfield Banking Company the appropriate fiduciary, is going to be addressed by the statement of case and the board appeal. Well, maybe, but it doesn't sound like that's what Judge Schoen is saying. Because she's saying that's not something they've shown that the court would have jurisdiction to address or that the board would have jurisdiction to address, as I read that sentence. What the court says is, even assuming jurisdiction exists, the petitioners have not demonstrated that the issue is ripe for review because the VA is not pursuing any action against Ms. Stump, has not attempted to recoup any of the funds. So I think the court could be satisfied with that alternate holding, even if the court was concerned about this issue. So you're relying on the sentence that follows the sentence that I read? I'm saying the court could be satisfied with that alternate question and not need to address the issue of the misuse determination. Okay. To address Your Honor's question about Secretary... I certainly do not believe that we've misled the court, either before the Veterans Court or before this court. As this case has been filed, subsequent actions have been taken in the direct appeals, which may have changed some of the facts. But I don't believe that there's anything that we've said that has been incorrect or certainly has not attempted to mislead the court about the situation here. I think the situation is that the VA is acting to address the issues that are being raised by the appellants, and there are parallel state court proceedings that Evans and Stumps have pursued against the bank that's now the present fiduciary. There was an attempt to remove that case to federal court, which was unsuccessful. I don't know that that was necessary to this court's decision to identify that statement, but that's certainly true. Here's an underlying problem for me on this, and that is really one of federalism. I'm concerned that state judges in various states with various standards, that appellants are lucky to have those probate courts or whatever they are issue letters and appoint guardians and so on under varying standards, and that it runs up against the articulated standards of the VA. And I see that as an underlying issue which really hasn't been addressed in these matters. I certainly agree that there are some questions about how these things work in parallel and together and perhaps in contradiction with each other. I would say that in the vast majority of the cases, whoever is appointed the state court guardian is also appointed the fiduciary by the VA, so there's not this issue here. But unfortunately, sometimes the family member is not the best person to serve in that role, and that's when the VA decides to appoint a fiduciary that it believes will be in the best interest of the court. But these questions, I think, will be addressed through subsequent litigation. I just don't think this is... This is not the procedural avenue that appellants have chosen here. It's not the right forum to address these bigger questions about the fiduciary program as a whole. Let me ask you a question about the mechanics of the process that I probably should know the answer to, but I don't, so I'll leave it to you. Suppose you do have an issue with the regional office as to the scope of your entitlement to get review of some decision that is made by the secretary through the regional office, and the regional office effectively says, no, that's our business. That's not anything that you have any right to have any further review of, and therefore we're not going to include this issue that you want to raise with the board within the scope of your SSC. Okay. What remedy does the party hedges the veteran have in that situation to try to protest what the veteran regards as the unduly narrow statement of the case? Can the veteran go to the board and say the statement of the case was totally inadequate because it failed to address an issue over which you manifestly have jurisdiction? I think that's correct. The veteran can do that, you think? If the veteran has preserved the claim in its notice of disagreement, which is read liberally, and the RO says we're not going to address that, and if the board says we should have addressed it, then there would be a remand to the RO, and I think that happens in all kinds of situations, not just this. And if the only issue in the case is one that the RO thinks is not reviewable, and therefore refuses to issue a statement of the case at all, can you still go to the board in that situation? Well, the veteran can't go to the board without a notice of disagreement. I don't believe... I'm sorry, without a statement of the case, I don't believe. And we go back to, that's the fact pattern in Freeman, where there was a refusal to issue the statement of the case, and that was a situation where mandamus was appropriate. So you say there's a difference if there is a statement of the case on some issue which the veteran, in effect, wants to expand, but there's no appeal if the statement of the case is not issued because the only issue that the veteran wanted to raise was one that the RO thinks is not within the board's jurisdiction. I'm thinking of just procedurally, if you have a statement of the case, you can appeal to the board, and you can raise whatever your legal errors are without a statement of the case. And I could be wrong, but I don't think without a statement of the case you can file a Form 9. In each of these cases, there wasn't a statement of the case, or at least there is anticipated. The court has said we expect that there will be a statement of the case. A statement of the case was issued in Kaiser on April 5th. The statement of the case was issued in Garcia on April 3rd, and a statement of the case was issued in Evans on April 6th of this year. And therefore, as you understand the law, that opens the door to the veteran to make any argument to the board with regard to the scope of the board's jurisdiction that the veteran wishes to make, including the arguments that have been alluded to here. If those questions were raised by their notice of disagreement... Right. No. Yes. If the court has no further questions, we would respectfully request that the court affirm the denials of the petitions for writs of mandate. Thank you, Ms. Holgen. Ms. Eagle, you have three minutes. Thank you, Your Honor. Just a few points. First and most importantly, BASE controls these issues. These issues bring before you the jurisdictional conundrum that these veterans, and not just these veterans, but all veterans in the fiduciary program face. The Veterans Court has said it only has limited jurisdiction to the selection of who is appointed and everything else, whether you belong in the program and or whether someone has misused your funds or is being accused of misusing your funds. That is outside our jurisdiction. BASE controls this issue because each one of those points affects the provision of benefits. With respect to... Chief Judge Rader, you've asked several times about the times issue. When, in the Veterans Claims Benefits Program, when a veteran is going to be reduced or severed of his service-connected benefits, that is a deprivation, pre-deprivation. He gets a hearing before. The VA does not reduce his benefits or take any of his benefits before the entire issue is appealed. Here, if there was a jurisdiction for the Veterans Court to hear these issues, the VA, the Secretary, the government, goes in, puts these people in the program, immediately takes their money and gives it to someone else and starts paying those people up to 4%. All of these issues directly affecting their property, constitutionally taking their property before they get to be heard. So, Freeman, which sits on BASE, allows for the process. If there is a process, a veteran can file a Notice of Disagreement. We all know, all veterans in the benefits program is looking at a million-claim backlog. It is anyone's guess, because the VA has no time constraint as to when to make a decision, when they get to be heard. Meanwhile, they have no control over their property and they have no control how much someone else gets paid to manage their money. These cases, once the jurisdictional issue is resolved, because BASE does control this issue, the Veterans Court can resolve all of these issues. These are things that must be resolved and the process made better. These are pre-deprivation issues that should not be touched until the veteran has an opportunity to be heard. With respect to, I also want to point out, it is no small matter being accused of misusing or being questioned about where is my money. With respect to Ms. Stump and Mr. Evans, the VA made a determination. I bring your attention to the appendix at page 90 and 91. Dear Ms. Stump, that letter is to notify you that a misuse determination has been made. She still cannot bring these issues to the court's attention. She has receipts. She has paper to show that she did not misuse anything and it still hangs over her head. With that, I conclude we ask... You say it hangs over her head. What the court said with respect to that, if I recall, is to the effect that, well, no steps have been taken to implement that, the effect of that statement, right? What happened? Steps have been taken. Because she was removed, the bank was put in place and the bank gets 4% of Mr. Evans' money every month since then. Okay, but if that's true, then... I accept that it's true. Then why, then, isn't that an issue that does fall within the court's jurisdiction? And what is it there in anything in the opinion that says that it doesn't? That is to say... In other words, what I understood the opinion to be saying is just the mere fact of an accusation or an allegation is not enough to trigger jurisdiction until some action is predicated on that allegation, right? Absolutely, but more than just an allegation or a question was done, they made a decision and they took action. They removed her, took her out and put someone else in place that this veteran doesn't know, this veteran can't contact, and all of that, so it is not just a question of allegation. Well, I have the feeling that we have ships passing in the night here and there hasn't really been a full engagement of the issues. And to bring this full circle to where Chief Judge Rader began the argument, mandamus is one of the worst vehicles for trying to get resolution of these kinds of intensely factual questions. And here we are arguing about whether there's any impact of a finding that was made and when it occurred and so forth. Absolutely, and I agree that I wish that a petition was not necessary. But when issues like this hang and actions have been taken and yet the veteran and Ms. Stumpf have no due process, the writ was the only option left because the Veterans Court did not have jurisdiction pre-Freeman and now the Veterans Court is saying it doesn't have. Even though Bates says any provision that affects benefits falls under Section 511 and therefore is reviewable, she still can't get an answer. So to summarize, the Veterans Court erred by not applying Bates and misapplying Freeman. These petitioners, these appellants are here today to ask this court to resolve the jurisdictional conundrum the Veterans Court created by limiting its scope of jurisdiction simply to the selection. Just one more question if I may. The very question that we've been talking about, the court says that the only sanction levied against Ms. Stumpf is her removal. Your Honor, I'm sorry, what page? I'm reading from A24. The only sanction levied against her is her removal and the subsequent appointment of GBC, an issue that will be addressed by the agency in accordance with the court's decision in Freeman, right? I mean, aren't they saying there is jurisdiction ultimately to resolve that issue? Your Honor, respectfully, if you would turn now to page A90, it says a misuse determination under section USC 6106 carries no appeal right. She will not be heard. And further, in the statement of the case that was issued in Evans, at page addendum 17, in the middle paragraph, and this is very important, Congress did not create a right to act as a fiduciary for a VA beneficiary. Rather, and this is the government's position in the statement of the case, Congress left VA's removal and misuse determinations to the Secretary of Veterans Affairs complete discretion. How can it be that it's complete discretion and yet action has been taken that the veteran and the fiduciary has no process to be heard? But the Court of Appeals has said this is the process. It's the Freeman process, right? Do you want us to issue an order saying the Court of Appeals or the Veterans Claim was correct to say that this, the protest of the removal of Ms. Thompson, the replacement of her with GBC, is reviewable? I'm sorry, Your Honor. Why is that not reviewable in the issue that will be addressed by the agency in accordance with the Court's decision in Freeman? That is to say it's subject to review, right? Your Honor, again, to Judge Sholin's decision in Evans at A24, with respect to the misuse allegation, she specifically said, Judge Sholin said, the petitioners have not demonstrated that the Board, and therefore this Court, would have jurisdiction to address this matter. She took it right out of jurisdiction. She took the misuse allegation out, but not the point that you were saying is where that misuse allegation had effect, which is her removal and her replacement as fiduciary, which Judge Sholin then says is within the Board's and the Court's jurisdiction, as I read this passage. Do you not read it that way? I read it that Judge Sholin made it an ancillary issue that if the statement of the case does address it, then as you are asking my opposing counsel, if the statement of the case addresses that issue, there would be process. However, to be clear, meanwhile, he's not being heard after these actions have been taken, and money from his VA benefits is going to someone else. None of those actions should be taken until he has an opportunity to be heard. Thank you very much, Your Honor. Thank you, Ms. Neal.